## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CR1 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JOHN DEWEY LIM, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on John Dewey Lim's (Lim) Motion to Sever (Filing No. 13). Lim is charged in the Indictment with six counts of wire fraud (Counts 1-6) in violation of 18 U.S.C. § 1343 and one count of Social Security fraud (Count 7) in violation of 42 U.S.C. § 408(a)(7)(B). Lim seeks severance of the trial of Counts 1-6 from the trial of Count 7. The government opposes any severance. The court held an evidentiary hearing for Lim's motion on February 27, 2006. Lim was represented by Assistant Federal Public Defender Jeffrey L. Thomas. The government was represented by Assistant United States Attorney Jan W. Sharp. During the hearing the court heard the testimony of Special Agent Ryan J. Williams (Agent Williams) of the Federal Bureau of Investigation (FBI) and received in evidence a credit card application (Exhibit 1). The court also received, without objection, a proffer of expected evidence from Lim's counsel. A transcript (TR.) was prepared and filed in this matter on March 7, 2006 (Filing No. 25). There was no post-hearing briefing.


### FINDINGS OF FACT

Counts 1-6 of the Indictment charge Lim with a scheme to defraud using interstate wire transmissions. The Indictment alleges Lim falsely represented himself to be a loan broker capable of arranging financing for multimillion dollar business transactions. The Indictment further alleges Lim would solicit victims to advance Lim funds for expenses and "loan postponement interest" in order for Lim to close arrangements for funding from other sources prior to the actual disbursement of such funds. As part of the alleged scheme, Lim would require that he be placed on the payroll of the company being sold. Counts 1-6

allege various interstate wire transmissions from Texas to Nebraska during the period of October 7, 2005 through November 29, 2005. Count 7 alleges Lim falsely represented a social security account number to be his when Lim was obtaining a leased 2006 Range Rover during November 26 through December 1, 2005.

Lim's proffer indicated that the government will probably call three witnesses to prove the allegations of Count 7, i.e., two witnesses from the Markel Ford dealership in Omaha and one witness from the Social Security Administration, whose testimony would relate to a business credit application submitted by Lim in order to obtain a leased Range Rover vehicle (TR. 3-4). On that application was the allegedly false social security number, the subject of Count 7 (TR. 4). Lim's proffer indicated the government will probably call three witnesses to prove the allegations of Counts 1-6, i.e., three witnesses from Texas, Rita Markham, James Markham, and Robert Jones (TR. 4). These witnesses would testify to the circumstances of Rita and James Markham's anticipated purchase of a business in Texas, Stanley Refrigerated Express, and their attempts to locate financing for the purchase (TR. 4). Robert Jones was the attorney for Robert Stanley, owner of Stanley Refrigerated Express, and Mr. Jones would testify concerning Lim's statements and actions in conjunction with that financing (TR. 4-5).

Agent Williams testified he had conducted the investigation involving the allegations of Counts 1-7 of the Indictment (TR. 7). In the FBI interview of Mr. Jones, Mr. Jones stated Lim was supposedly arranging financing for Ms. Markham to purchase Stanley Refrigerated Express and the lenders were requiring that Lim become an employee and have a continuing interest in the company (TR. 8-9). As a result, a contract was entered into with Lim whereby Lim would be paid $1,000 per week and given a title of Chief Strategic Officer (TR. 9). Mr. Jones also told the FBI that Lim had requested Mr. Jones form a company named Freeman Vehicles, Inc. in Texas in order to purchase trucks and lease those trucks back to Stanley Refrigerated Express (TR. 9-10). Agent Williams also testified that he had investigated Lim's purchase of a Mini Cooper vehicle from Markel Ford in Omaha in October 2005 for approximately $6,000 (TR. 12). Lim paid for the Mini Cooper with several checks which were returned for insufficient funds (TR. 12). Once the dealership learned the checks were no good, Lim was contacted (TR. 12-13). Lim stated he would redeem

2

the checks with cash and met Mr. Hatten from Markel Ford at a bar and grill in Omaha to pay the $6,000 cash (TR. 13).  Agent Williams' review of bank records indicate Lim had received wire transfers of funds from the Texas victims contemporaneously with withdrawing the cash to pay for the bounced checks (TR. 13).  Agent Williams also testified Lim attempted to lease a Range Rover from Markel Ford in mid-November 2005 (TR. 13) Lim submitted a business credit application including the false social security number and a certificate of incorporation for Freeman Vehicles, Inc. (TR. 14; Exhibit 1).  The application also reflected Lim's employment with Stanley Refrigerated Express (TR. 17; Exhibit 1).

## ANALYSIS

Lim does not contest that Counts 1-6 are properly joined under Fed. R. Crim P. 8(a) (Rule 8).  However, Lim asserts Count 7 is improperly joined with Counts 1-6 because Count 7 is not of the same or similar character, nor based on the same act or transaction, nor connected with or constituting parts of a common scheme or plan as required by Rule 8.  Lim also argues that even if Counts 1-7 are properly joined under Rule 8, severance under Fed. R. Crim. P. 14(a) (Rule 14) is required to avoid undue prejudice.

The government asserts Counts 1-7 are properly joined under Rule 8 and Rule 14 does not require severance.

Rule 8 of the Federal Rules of Criminal Procedure provides in part:

> **(a)   Joinder of Offenses.**   The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged - whether felonies or misdemeanors or both - are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Rule 14 of the Federal Rules of Criminal Procedure provides in part:

> **(a)   Relief.**  If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Lim argues the Texas counts (Counts 1-6) differ from the Nebraska count (Count 7) in that different schemes are involved.  The Texas counts deal with a loan broker scheme

3

and the Nebraska count deals with the false use of a social security number.  As such, all counts are not of the same or similar character, nor are they based on the same act or transaction, nor are they connected with or constitute parts of a common scheme or plan as required by Rule 8.  However, the court finds all counts deal with a scheme to defraud, in Counts 1-6, the Markhams in Texas, and in Count 7, Markel Ford in Nebraska, and thus are of a similar character.  Furthermore, Lim's alleged use of the credit application in Nebraska reflecting Stanley Refrigerated Express and Freeman Vehicles, Inc., as business references and his employer, connect the two schemes.  Furthermore, the evidence will tie the claims together by means of funds coming into an Omaha bank account from Texas victims, which were withdrawn contemporaneously to redeem insufficient fund checks used to purchase a Mini Cooper from the same dealership to which Lim submitted the business credit application for the lease of the Range Rover.  The court finds the proposed evidence suggested by the government meets all three prongs of Rule 8 where only one is required. Counts 1-7 are properly joined for trial.

The burden is on Lim to demonstrate how a joint trial will unfairly prejudice his right to a fair trial.  ***United States v. Darden***, 70 F.3d 1507, 1527 (8th Cir. 1995), **cert. denied**, 517 U.S. 1149 (1996).  Lim asserts there will be a "spill over" effect if the counts are tried together in that the jury will use the evidence of the Texas allegations to infer guilt on the Nebraska allegations when the jury might not find guilt if the offenses were considered separately.   "[A] defendant does not suffer any undue prejudice by a joint trial if the evidence is such that one crime would be probative and admissible at the defendant's separate trial of the other crime."   ***United States v. Davis***, 103 F.3d 660, 676 (8th Cir 1996), **cert. denied**, 520 U.S. 1258 (1997).  As the government points out, the witnesses from Texas or Nebraska could be called in both cases to prove the connections between Stanley Refrigerated Express and Freeman Vehicles, Inc., which Lim chose to use in both schemes.  The evidence would also be admissible in both trials pursuant to Fed. R. Evid. 404(b).

The Eighth Circuit Court of Appeals "favor joinder of offenses against defendants in a single trial [and as a consequence] the rules are construed liberally in favor of joinder." ***United States v. Moyer***, 313 F.3d 1082, 1085 (8th Cir. 2002).  "The joinder of all offenses

against a defendant is a favored practice. . . ." **United States v. Dijan**, 37 F.3d 398, 402 (8th Cir. 1994) (internal citations and quotations omitted).  In this case, no undue prejudice will befall Lim in a joint trial on all counts, Counts 1-7.  Accordingly, Lim's motion to sever will be denied.

**IT IS ORDERED:**

John Dewey Lim's Motion to Sever (Filing No. 13) is denied.

## ADMONITION

Pursuant to NECrimR 57.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order.  Failure to timely appeal may constitute a waiver of any appeal.  The brief in support of any appeal  shall be filed at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 16th day of March, 2006.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge