IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>                                                             )<br>                        Plaintiff,        )<br>                                                             )<br>            v.                                              )<br>                                                             )<br>JOHN DEWEY LIM,                         )<br>                                                             )<br>                        Defendant.    )<br>                                                             ) | 8:06CR1<br><br>MEMORANDUM AND ORDER |

   This matter is before the court on the appeal, Filing No. 32, from the order of the magistrate, Filing No. 28.  The government indicted the defendant charging him with six counts of wire fraud in violation of 18 U.S.C. § 1343 and one count of Social Security fraud (Count 7) in violation of 42 U.S.C. § 408(a)(7)(B).  Filing No. 1.  Thereafter, defendant filed a motion to sever, Filing No. 13.  Under 28 U.S.C. § 636(b)(1)(C), the court makes a de novo determination of those portions of the report or recommendations to which the parties object.  *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003).  Failure to engage in the required de novo review is reversible error.  *Id.* at 599-600.  The court has conducted a careful de novo review pursuant to 28 U.S.C. § 636(b)(1)(A) of the record; the transcript of the proceeding, Filing Nos. 25 and 29; the defendant's appeal and brief, Filing Nos. 32 and 33; the government's brief in opposition to the motion to sever, Filing No. 19; and the magistrate's report and recommendation, Filing No. 28.  The court concludes that the appeal should be denied and the magistrate's report and recommendation adopted as it is not clearly erroneous or contrary to law.

   Defendant seeks to sever Counts 1 through 6 from Count 7.  The indictment charges defendant with using interstate wire transmissions, falsely representing himself

as a loan broker who could finance multimillion dollar business deals, and soliciting advance funds from victims to allegedly broker bigger money deals.  Counts 1 through 6 deal with interstate wire transmissions from Texas to Nebraska during the period from October 7, 2005, through November 29, 2005.  Count 7 deals with use of a false Social Security number to obtain a leased 2006 Range Rover from November 26, 2005, thorough December 1, 2005.

Defendant contends that these transactions are separate and distinct and joinder serves to prejudice him.  The court disagrees.  Offenses may be joined if they are similar in character, are based on the same transaction or on the same act, or if they are connected by a common plan or scheme.  Fed. R. Crim. P. 8(a).  The testimony of Special Agent Ryan J. Williams of the Federal Bureau of Investigation supports the government's argument that these crimes are connected.  Agent Williams testified as to all counts in the indictment.  The court has reviewed the transcript and agrees with the findings of the magistrate in this regard.  Counts 1 through 7 deal with a scheme to defraud.  The defendant used a credit application for his Omaha scheme that reflected businesses in his Texas scheme.  Further, the government will introduce evidence at trial that connects monies from Texas victims to an Omaha bank account.  These Texas funds were then used to purchase a vehicle here in Nebraska and to cover insufficient fund checks.  The court agrees with the magistrate and finds that such proposed evidence is sufficient to comply with Fed. R. Crim. P. 8(a).  The court further finds that there would not be any undue prejudice by allowing a joint trial, particularly where the evidence of one would most likely be admissible in the evidence of the other.  *See United States v. Davis*, 103 F.3d 660, 676 (8th Cir. 1996); Fed. R. Evid. 404(b).  Accordingly, the motion to sever is denied.

THEREFORE, IT IS ORDERED THAT:

1. Defendant's motion to sever, Filing No. 13, is denied;

2. Defendant's appeal, Filing No. 32, is denied; and

3. The magistrate's order, Filing No. 28, is adopted herein in its entirety.

DATED this 19th day of April, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge